FILED
NOV - 3 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WELL GO USA, INC.<br>1601 E. PLANO PKWY., STE. 110<br>PLANO, TX 75074<br>A TEXAS CORPORATION,<br><br>　　　　　Plaintiff,<br><br>VS.<br><br>UNKNOWN PARTICIPANTS IN<br>FILESHARING SWARM IDENTIFIED BY<br>HASH: B7FEC872874D0CC9B1372ECE-<br>5ED07AD7420A3BBB<br><br>　　　　　Defendants. | Case: 1:11-cv-01946<br>Assigned To : Jackson, Amy Berman<br>Assign. Date : 11/3/2011<br>Description: General Civil |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Well Go USA, Inc., by its attorney, files this Original Complaint and for cause, respectfully shows the Court as follows:

### PARTIES

1.　　Plaintiff is an entertainment company, which markets and distributes motion pictures and other media in the United States and numerous other territories. Plaintiff brings this action to stop Defendants from copying and distributing unauthorized copies of the motion picture, "*IP Man 2*" over the internet. Plaintiff is the copyright owner of the motion picture in question.

2.　　The true names of Defendants are unknown to Plaintiff at this time. What is known to Plaintiff are the Internet Protocol ("IP") addresses of the internet accounts by which Defendants conducted their unlawful activities. These IP addresses are assigned to account holders by their internet service providers, such as Comcast, Verizon and Time



Warner Cable. The IP addresses, along with the date and time the infringement occurred, can be used by the service providers to identify the persons responsible for the internet accounts in question.

3. The IP addresses of the internet accounts that were witnessed as being involved in the infringing activity, together with the date and time of the infringing activity, will be included on Exhibit A of Plaintiff's Motion for Leave to Take Discovery. The information obtained during discovery will lead to the identification of the account holders, who may themselves be liable for the infringement, or who, at a minimum, can give Plaintiff its only opportunity to obtain the identities of the true infringers thus enabling Plaintiff to amend this Complaint with named Defendants. Plaintiff further believes that the information obtained in discovery may lead to the identification of additional infringing parties to be added to this Complaint as Defendants, since monitoring of this infringement is ongoing.

## JURISDICTION, VENUE AND CONDITIONS PRECEDENT

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the suit arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a). On information and belief, to be confirmed during discovery, at least a portion of Defendants reside or may be found in this District and a substantial portion of the events giving rise to this claim occurred in this District.

6. Additionally, this Court has personal jurisdiction over Defendants because Defendants are residents of this District, and/or because Defendants' concerted acts of

copyright infringement occurred in this District, and finally, because Defendants targeted their tortious conduct at this District, which ultimately harms the market for Plaintiff's content in this District. Therefore, Defendants should anticipate being haled into court in this District.

7. All conditions precedent have been performed or have occurred.

## NATURE OF THE CASE AND JOINDER

8. Defendants worked in concert, via the internet, in their related and deliberate acts to reproduce and distribute unlawful, digital copies of Plaintiff's copyrighted motion picture, "*IP Man 2*" by means of a sophisticated file transfer technology called BitTorrent. This technology is unique in that it is designed to be used by a *group* of people working together. The Defendants in this case represent such a group, which is known as a BitTorrent "swarm."

9. The Federal Rules of Civil Procedure provide that multiple parties may be joined as Defendants if the right to relief which Plaintiff is seeking arises "…out of the same transaction, occurrence, or series of transactions or occurrences;" and a "…question of law or fact common to all Defendants will arise in the action." Fed. R. Civ. P. 20 (a)(2).

10. Defendants each sent and received pieces of a video file embodying Plaintiff's motion picture to one another and to other members of the same swarm. These joint acts by the Defendants of sending and receiving pieces of the file to each other constitute the "same series of transactions or occurrences," described in the Federal Rules. The question of law or fact common to all Defendants is the infringement of Plaintiff's motion picture, which was committed by each and every Defendant referenced

in this Complaint.

## CLAIMS OF COPYRIGHT INFRINGEMENT

11. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 10 as if fully set forth herein.

12. From at least April 8, 2011 to July 10, 2011, Defendants, working together via the internet, all sought out and obtained a reference file called a ".torrent" file named for Plaintiff's motion picture. This file contained a unique key, known as a hash, and various other data, that was then used by Defendants to connect to one another in a BitTorrent filesharing swarm. The .torrent file and corresponding swarm in this case were named for Plaintiff's film, "*IP Man 2*" and were created for the express purpose of obtaining unauthorized copies of this film. Using any of a variety of BitTorrent programs, each defendant connected to this specific swarm that was "sharing" Plaintiff's motion picture and each then began downloading Plaintiff's film, piece by piece, from other members in the group *simultaneously*. Every piece of the film that Defendants successfully downloaded was then made instantly available to new members joining the group and, if requested by the new members, those pieces were uploaded to them, typically in a matter of only minutes.

13. Exhibit A to Plaintiff's Motion for Leave to Take Discovery lists the IP addresses of the internet accounts by which Defendants collectively participated to reproduce the copyrighted work from one another and distribute the copyrighted work to one another and others without authorization from Plaintiff. In doing so, Defendants have violated Plaintiff's exclusive rights of reproduction and distribution.

14. The foregoing acts of infringement have been willful, intentional, and in

disregard of and with indifference to the rights of Plaintiff.

15.   As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief from Defendants, jointly and severally pursuant, to 17 U.S.C. § 504 and to its reasonable attorney's fees and full costs pursuant to 17 U.S.C. § 505.

16.   The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyright and ordering that each Defendant destroy all copies of the motion picture "*IP Man 2*," made in violation of Plaintiff's exclusive rights to the copyright.

WHEREFORE, Plaintiff prays for judgment against each Defendant as follows:

a.   For entry of permanent injunctions providing that each Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the copyrighted motion picture, "*IP Man 2*" and any motion picture, whether now in existence or later created, that is owned, licensed to, or controlled by Plaintiff ("Plaintiff's Motion Pictures"), including without limitation by using the internet to reproduce or copy Plaintiff's Motion Pictures, to distribute Plaintiff's Motion Pictures, or to make Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license from Plaintiff. Defendants also shall destroy all copies of Plaintiff's Motion Pictures that Defendants have downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those motion pictures transferred onto any physical medium or device in their possession, custody, or control.

b.  For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of the Plaintiff.

c.  For Plaintiff's costs.

d.  For Plaintiff's reasonable attorney's fees.

e.  For such other and further relief as the Court deems proper.

Respectfully Submitted,

s/ *E. F. Stone*
Evan Stone
United States District Court Bar No. TX0087
624 W. University Dr., #386
Denton, Texas 76201
Phone: 469-248-5238
E-mail: lawoffice@wolfe-stone.com