**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| WELL GO USA, INC.<br>1601 E. PLANO PKWY., STE. 110<br>PLANO, TX  75074<br>A TEXAS CORPORATION,<br><br>             Plaintiff,<br><br>VS.<br><br>GROUP OF PARTICIPANTS IN<br>FILESHARING SWARM IDENTIFIED BY<br>HASH:  B7FEC872874D0CC9B1372ECE-<br>5ED07AD7420A3BBB<br><br>             Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO.: 1:11-cv-01946-ABJ |

**MOTION FOR LEAVE TO TAKE DISCOVERY**

Plaintiff, by counsel, respectfully moves this Court for leave to take discovery from the nonparty internet service providers listed in Exhibit 1.  *See* Exhibit 1, List of Service Providers.  This discovery shall be limited to the identifying information of service providers' subscribers whose accounts were witnessed being involved in the joint acts of copyright infringement detailed in Plaintiff's Complaint.  Discovery shall also be limited to the subscribers who appear to be domiciled here in the District of Columbia, as per the location information listed publicly on various geolocation databases and included here in Exhibit 3.  *See* Exhibit 3, List of IP Addresses Identifying the Accounts by Which the Infringement Occurred.  Without this information, Plaintiff has no means to pursue its infringement claims or otherwise seek redress for the unlawful acts at issue.

Federal district courts throughout the country, including this Court, have granted

expedited discovery in lawsuits similar to this one.[1] In the cases cited and others like them, plaintiffs have obtained the identities of persons from service providers through expedited discovery using information similar to that gathered by Plaintiff in the instant case and they have used that information as the basis for their subpoenas to the service providers. Plaintiff respectfully requests that this Court grant this motion for discovery upon those service providers listed in Exhibit 1.

Plaintiff specifically requests permission to serve a Rule 45 subpoena on these service providers for the narrow purpose of obtaining the true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address of each subscriber that it has identified to date and those it identifies in the future during the course of this litigation. Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information, Plaintiff cannot pursue its lawsuit to protect its film from ongoing and repeated infringement. Additionally, this information is very easily obtainable by the nonparty service providers. Larger, more sophisticated service providers, such as Verizon, have even automated this lookup process and used it for years to notify subscribers of infringement complaints within a mere 24 hours of Verizon receiving the complaint. *See* Exhibit 2, Verizon Infringement Notice with receipt/notification timestamps highlighted.

If the Court grants this Motion, Plaintiff will serve necessary subpoenas requesting the

---

[1] *West Coast Productions, Inc. v. Does*, 1:11-cv-00057 (D.D.C.) (Kollar-Kottely, C.); *Patrick Collins, Inc. v. Does*, 1:11-cv-00058 (D.D.C.) (Kessler, G.); *West Coast Productions, Inc. v. Does,* 1:11-cv-00055 (D.D.C.) (Sullivan, E.); *Imperial Enterprises, Inc. v. Does*, 1:11-cv-00529 (D.D.C) (Walton, R.); *G2 Productions, LLC v. Does 1-83*, Case No. 1:10-cv-00041 (D.D.C.) (Kollar-Kottely, C.); *Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1 - 4,577,* Case No. 1:10-cv-00453 (D.D.C.) (Collyer, R.); *Call of the Wild Movie, LLC v. Does 1-331*, 1:10-cv-00455 (D.D.C.) (Urbina, R.); *Maverick Entertainment Group, Inc. v. Does 1 – 1,000*, 1:10-cv-00569 (D.D.C.) (Leon, R.); *Cornered, Inc. v. Does,* 1:10-cv-01476 (D.D.C.); *Donkeyball Movie, LLC v. Does 1 – 171*, 1:10-cv-01520 (D.D.C.) (Kollar-Kottely, C.); *Twentieth Century Fox Film Corporation, et al. v. Does 1-9*, Case No. 1:04-cv-02006 (D.D.C.) (Sullivan, E.); *Disney Enterprises, Inc., et al. v. Does 1-18*, Case No. 1:05-cv-00339 (D. Colo.) (Shaffer, C.); *Paramount Pictures Corporation, et al. v. Does 1-8*, Case No. 1:05-cv-00535 (D.N.J.) (Wolfson, F.); *Warner Bros. Entertainment Inc., et al. v. Does 1-7*, Case No. 1:05-cv-00883 (S.D.N.Y.) (Cote, D.).

identifying information in a timely manner.  If a service provider cannot identify one or more of the subscribers but does identify an intermediary provider as the entity providing internet access to the responsible subscriber, Plaintiff will then serve a subpoena on that provider requesting the identifying information for the relevant subscriber within a reasonable timeframe.  In either case, these service providers will be able to notify their subscribers that this information is being sought, and each subscriber will have the opportunity to raise any objections before this Court prior to the return date of the subpoena.  Thus, to the extent that any subscriber wishes to object, he or she will be able to do so.

Courts consider the following factors when granting motions for discovery to identify anonymous internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe Defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss.  *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); *see also Rocker Mgmt. LLC v. John Does*, No. 03-MC-33 2003 WL 22149380, *1-2, (N.D. Cal. 2003) (applying *Seescandy.com* standard to identify persons who posted libelous statements on Yahoo! message board; denying request for expedited discovery where the postings in question were not libelous).  Plaintiff here is able to demonstrate each one of these factors.

First, Plaintiff has identified the defendants as closely as possible through the unique IP address of the internet account each defendant used at the time of the unauthorized distribution of the copyrighted film.  *See Seescandy.com*, 185 F.R.D. at 578-80;  *see also* Exhibit 3; *see also* Declaration of Scott Armstrong.  These persons gained access to the internet through connections provided by the listed service providers.  Only said service providers can identify the persons

3

responsible for the internet accounts at issue. They do this by matching listed IP addresses with subscriber accounts found in their internal activity logs. Thus, Plaintiff can show that all of the internet subscribers or persons accessing their accounts are "real persons," the former of whose names are known to the service provider and who can be sued in federal court.

Second, Plaintiff has specifically identified the steps taken to identify the defendants' true identities. *Exhibit 3*. Plaintiff has obtained each subscriber's IP address and the date and time of the infringing activities that occurred via the subscribers' accounts and has traced each IP address to specific service providers. *Id.* Therefore, Plaintiff has obtained all the information it possibly can without discovery from the service providers.

Third, Plaintiff has asserted a prima facie claim for direct copyright infringement in its Complaint that can withstand a motion to dismiss. Specifically, Plaintiff has alleged that: (a) it is the copyright owner of the work in question, and (b) the defendants reproduced and/or distributed the copyrighted work without Plaintiff's authorization using the internet subscriber accounts described by the listed IP addresses. *See Complaint*. These allegations state a claim for copyright infringement. See 17 U.S.C. §106(1)(3); *In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003), cert. denied, 124 S. Ct. 1069 (U.S. Jan. 12, 2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright."); *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014-15 (9th Cir. 2001) ("Napster users who upload file names to the search index for others to copy violate plaintiffs' distribution rights. Napster users who download files containing copyrighted music violate plaintiffs' reproduction rights.").

Courts have wide discretion in discovery matters and have allowed expedited discovery when

"good cause" is shown.  See *Warner Bros. Records, Inc. v. Does 1-6*, 527 F.Supp.2d 1, 2 (D.D.C. 2007); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002); *Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Entertainment Tech. Corp. v. Walt Disney Imagineering*, No. Civ. A. 03-3546, 2003 WL 22519440, at 4 (E.D. Pa. 2003) (applying a reasonableness standard; "a district court should decide a motion for expedited discovery on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances") (quotations omitted); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (applying a good cause standard).

Good cause exists here because service providers typically retain activity logs containing the information sought for only a limited period of time before erasing the data.  If that information is erased, Plaintiff will have no ability to identify the Defendants, and thus will be unable to pursue its lawsuit to protect its copyrighted work.  *Id*.  Where "physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation," good cause for discovery before the Rule 26 conference exists.  *Qwest Comm.*, 213 F.R.D. at 419; see also *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002) (allowing discovery prior to Rule 26 conference to inspect items in defendant's possession because items might no longer be available for inspection if discovery proceeded in the normal course).

For the foregoing reasons, Plaintiff respectfully submits that the Court should grant the Motion for Leave to Take Discovery and enter an Order requiring the nonparty internet service providers to respond in a timely manner to Rule 45 subpoenas that are narrowly tailored to seek information to identify the internet subscribers whose accounts were used in the infringement of Plaintiff's copyrighted works.

        Respectfully Submitted,

        s/ *E.F. Stone*
        E.F. Stone
        United States District Court Bar No. TX0087
        624 W. University Dr., #386
        Denton, Texas  76201
        Phone: 469-248-5238
        Fax:  310-756-1201
        E-mail: lawoffice@wolfe-stone.com

**CERTIFICATE OF SERVICE**

Because neither the identities nor the contact information of the John Defendants are known at this time, service could not be made on said Defendants.

s/ *E.F. Stone*
E.F. Stone