**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| WELL GO USA, INC.<br>1601 E. PLANO PKWY., STE. 110<br>PLANO, TX  75074<br>A TEXAS CORPORATION,<br><br>            Plaintiff,<br><br>VS.<br><br>GROUP OF PARTICIPANTS IN<br>FILESHARING SWARM IDENTIFIED BY<br>HASH:  B7FEC872874D0CC9B1372ECE-<br>5ED07AD7420A3BBB<br><br>            Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br><br>C.A. NO.: 1:11-cv-01946-ABJ |

## DECLARATION OF SCOTT ARMSTRONG IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY

I, Scott Armstrong, declare:

1. I submit this declaration in support of Plaintiff, Well Go USA's, Motion for Leave to Take Discovery.  This declaration is based on my personal knowledge, and if called upon to do so, I would be prepared to testify as to its truth and accuracy.

2. On or about May 3, 2011, using a popular and freely available BitTorrent application, I connected to a BitTorrent swarm purported to be sharing unauthorized copies of Plaintiff's film, "Ip Man 2.", This swarm was identified by the title "Ip.Man.2.2010.DVDRip.XviD-GiNJi" and the following unique hash identifier: B7FEC872874D0CC9B1372ECE5ED07AD7420A3BBB.

3. After connecting to the swarm, my BitTorrent software began downloading the film immediately, piece by piece, from multiple members of the swarm simultaneously.  In turn, as per the default settings of the software, I also began uploading pieces of the film to any

member of the swarm determined as suitable by the software and its related processes.

    4.    The numerous other persons in the swarm were each represented by the IP address of the internet account being used by each person to connect to the internet. This information was readily visible via my BitTorrent software. Various other data related to this filesharing process was listed alongside each IP address. Using proprietary software, I began logging the IP addresses and other data as well as taking timed screenshots of the filesharing activity. I continued this process, on Plaintiff's behalf, off and on through July 15, 2011.

    5.    After my BitTorrent software completed downloading the film, in the form of a digital video file, I carefully reviewed the file and compared it to the original film provided by the Plaintiff. The downloaded file was a complete and accurate embodiment of Plaintiff's film.

    6.    The attached exhibit comprises a list of IP addresses and related data corresponding to a portion of the District of Columbia-based internet accounts witnessed by me and/or recorded by me as having been involved in the unauthorized reproduction and distribution of Plaintiff's film described above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 14, 2012 at my office in Houston, Texas.

_/s/ Scott Armstrong_
Scott Armstrong